Mervin **CARTER**, Plaintiff,

v.

**PAR–KAN CONSTRUCTION COMPANY**, a corporation, and LeRoy Wade & Sons, Inc., a corporation, Defendants,

and

American Employers Insurance Company, Intervenor.

Civ. No. 03472.

United States District Court,
D. Nebraska.

Oct. 7, 1972.

---

Martin A. Cannon, Omaha, Neb., for plaintiff.

Thomas Walsh, Omaha, Neb., for intervenor.

## MEMORANDUM

DENNEY, District Judge.

Plaintiff, in the course of his employment with defendant, LeRoy Wade & Sons, Inc., was injured while using a ladder manufactured by the defendant, Par-Kan Construction Company. Plaintiff's injuries were covered by workmen's compensation insurance and payments were made by his employer's insurance carrier, American Employers Insurance Company. This action was brought against Par-Kan Construction Company on various theories of product liability. Pursuant to Nebraska statutes, the employer, LeRoy Wade & Sons, Inc., was named a party defendant for purposes of subrogation. Neb.Rev.Stat. § 48–118 (Reissue 1968). American Employers Insurance Company intervened.

■■■ Prior to trial, the case was settled with subsequent approval of the Court. There remains, however, a controversy as to the allocation of court costs and attorney's fees as between the plaintiff and the subrogated insurance company. The task of allocating such costs falls upon the Court by virtue of the Nebraska statute which in pertinent part provides:

. . . If the employee or his personal representative or the employer or his compensation insurer join in the prosecuting of such claim and are represented by counsel, the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought. Neb.Rev.Stat. § 48–118 (Reissue 1968).

The Court finds that the court costs should be prorated between the plaintiff and the insurance company in the same proportion that they share in the benefits bestowed by this action and settlement. The benefits bestowed upon the intervening insurance company include not only the recovery of past workmen's compensation payments, but also their release from future liability. For computation purposes, the benefit bestowed upon the insurance company is equal to the liquidated present value of their future liability, plus the amount to which they are subrogated. That sum divided by the amount of the settlement yields the proportional liability of the insurance company for court costs.[1]

---

1. The plaintiff argues that the liquidated present value of the insurance company's future liability is $12,000.00. That sum, plus the subrogated amount of $8,000.00,

The plaintiff argues that a similar result should be reached in the allocation of attorney's fees, with the intervening insurance company being required to contribute to the payment of plaintiff's counsel. The Supreme Court of Nebraska has not had the opportunity to address the questions posed by plaintiff's arguments. However, two Nebraska District Court decisions have been called to the Court's attention, wherein the insurance carrier has been required to contribute to the cost of plaintiff's counsel.[2] Notwithstanding their lack of binding precedential value, this Court has considered the reasoning of the lower court decisions. In both cases, the insurance carrier was not represented by counsel, since they had elected to forego participation in the litigation. Under those circumstances, the recovery of both the plaintiff and the subrogated insurance company is due solely to the efforts and expense of the plaintiff. The Nebraska District Courts reasoned that the subrogated insurance company received a windfall and should therefore share the cost of attorneys' fees. That result appears to be equitable; however, it does not necessarily follow that the insurance company should become an involuntary party to a contingency fee arrangement.

Be that as it may, the situation before this Court is entirely different, for here both the plaintiff and the intervening insurance carrier were represented by counsel. To assess the insurance carrier for a portion of the plaintiff's attorney's fees would entail finding that the counsel of the insurance carrier in fact represented less than his client's full interest, and the further finding that the plaintiff's counsel, to some extent, represented the insurance company. That is essentially what the plaintiff argues in this case. Specifically, he asserts that his counsel represented the insurance company to the extent of its liability for future workmen's compensation payments and that the insurance company's counsel only represented his client to the extent of its past payments.

It is the opinion of the Court that the presence and participation of the insurance company's separate counsel during the course of this lawsuit raises a presumption that he, in fact, represented the entire interest of his client in the litigation. The Court thus presumes that the counsel of the insurance company represented his client both as to the amount to which it was subrogated as well as its interest in being released from future liability. This presumption does not stand rebutted, for the plaintiff has not established that the representation of the insurance company was merely token and in bad faith.

The Court, therefore, finds that the plaintiff and the intervening insurance company should share the court costs in the same proportion that they benefited from the settlement agreement. The Court further finds that the plaintiff and intervening insurance company should bear their respective attorney's fees.

An order pursuant to this Memorandum will be entered contemporaneously herewith.

---

yields a $20,000.00 benefit to the insurance company. Adopting these figures for purposes of example, the insurance company would be liable for 20/75ths of the court costs.

2. In the District Court of Douglas County, Nebraska. John Gillotte v. Omaha Public Power District, and Larsen Cement Stone Co., Docket 592, Page 127 [1972]. In the District Court of Seward County, Nebraska. Elaine M. Cannon v. Robert D. Dovenbarger and Gehl Company, Docket U, Case No. 6524, Page 153 [1971].